### T. S. CAVINS v. EDNA TRICE ET AL.

Decided May 1, 1909.

**Realty—Injury—Measure of Damage.**

A house upon land is a part of the realty. One who without lawful right takes possession of and occupies a house upon the land of another and afterwards moves the house from the land, is liable to the owner for the rental value of

the house during the time he occupied it, and for its value when removed. There could be no conversion of the house so long as it remained a part of the land.

Appeal from the District Court of Armstrong County. Tried below before Hon. J. N. Browning.

*J. W. Crudgington,* for appellant.

*Wilson & King* and *Madden & Trulove,* for appellees.

DUNKLIN, ASSOCIATE JUSTICE.—Edna Trice, Harvey Trice, Ed Trice and J. E. Trice sued T. S. Cavins in trespass to try title to recover lots numbers one and six, in block three, in the town of Claude; also for damages for the removal of a store house situated thereon and rents for occupancy of the house before its removal.

Defendant disclaimed title to the land, and the only controversy upon the trial was the value of the house which had been removed from the lots by defendant, as alleged by plaintiffs, and the value of the use which had been made of the house by the defendant prior to its removal, and from a judgment in favor of plaintiffs for the aggregate sum of three hundred and eighty-five dollars for these two items, including interest, defendant has appealed. The case was tried without a jury and the trial court filed findings of fact and conclusions of law.

By his first and second assignments appellant contends that there was no evidence to support the findings of the court that appellant used the building exclusively about four years prior to its removal from the premises, and that its rental value during that time was five dollars per month.

We have carefully reviewed the evidence and, while it is not entirely clear upon the issues above noted, we think it sufficient to support the findings, which we do not think were contrary to the preponderance of evidence, as appellant contends.

Defendant purchased the lots at a tax sale in 1894, prior to the time he took possession of them, and later moved the house from the lots. He insists that the evidence shows that he appropriated the house when he first took possession of it, and that the true and only measure of plaintiff's damages should be the value of the house at that time, citing, in support of that proposition, Sinclair v. Stanley, 64 Texas, 67, and Sutherland on Damages, sec. 105. The house being a part of the realty, the contention last noted is inconsistent with appellant's disclaimer of title to the lots; for, if by the tax deed he acquired no title to the lot, he acquired none to the house situated thereon, and we are unable to perceive how it can be said that he was guilty of a conversion of the house prior to the time he moved it from the lot. Cooley on Torts (2d ed.), 523.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*